UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANN JENKINS                                                    PLAINTIFF

v.                              No. 5:19-CV-05221

MERCY HOSPITAL ROGERS                                          DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Mercy Hospital Rogers's ("Mercy") motion (Doc. 16) for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Mercy separately filed a brief (Doc. 17) in support. Plaintiff Ann Jenkins filed an untimely[1] response (Doc. 19) in opposition, which the Court has considered. The motion will be granted in part and denied in part.

On a motion for judgment on the pleadings, the Court accepts as true all factual allegations in a complaint, and from those factual allegations draws all reasonable inferences in a plaintiff's favor. *Thach v. Tiger Corp.*, 609 F.3d 955, 957 (8th Cir. 2010). The Court may consider materials that are attached to or necessarily embraced by the pleadings, materials that do not contradict the complaint, and matters of public record. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Court may grant judgment as a matter of law on a claim if no issues of material fact remain for litigation. *Thach*, 609 F.3d at 957.

Ms. Jenkins filed a complaint on December 4, 2019, claiming Mercy engaged in unlawful religious discrimination under Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act and wrongfully terminated her employment contrary to Arkansas state law. Mercy filed an answer on February 18, 2020, and its motion for judgment on the pleadings thereafter. For

---

[1] "Within fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities." W.D. Ark. R. 7.2(b).

1

purposes of this motion, the facts are as follows: Mercy is a religious corporation, as defined by Title VII, that provides healthcare to patients in Northwest Arkansas. Mercy implemented a nondiscrimination policy (Doc. 2-1) and an influenza vaccination policy (Doc. 2-2) for its employees. The nondiscrimination policy, last approved June 1, 2018, commits Mercy "to a policy of non-discrimination on the basis of gender, race, color, religion, national origin, disability, or age, with regard to . . . membership on [Mercy's] medical staff, employees, . . . and all other persons with whom [Mercy has] dealings." (Doc. 2-1, p. 1). The influenza vaccination policy, last approved August 15, 2018, requires all Mercy employees to receive influenza vaccinations by November 15 of each year, subject to medical or religious exemption. (Doc. 2-2, pp. 1, 3). The influenza vaccination policy promises that Mercy will grant exemptions to the mandatory vaccination for "approved medical reasons or sincerely held religious beliefs,"[2] and allows that religious exemptions may be granted if vaccination conflicts with the tenets of an employee's sincerely held religious belief, as certified by the employee's religious leader or someone else who can attest that the beliefs are sincerely held, and a religious exemption request form is timely submitted. (Doc. 2-2, p. 3). The policy does not set out the standards Mercy uses to evaluate a religious exemption request. If an exemption is granted, the employee will wear a mask from November 15 to March 31, with the possibility that that period may be enlarged on either end dependent upon the effect of influenza on the local community that season. (Doc. 2-2, pp. 3–4).

Ms. Jenkins worked as a physical therapist for Mercy beginning December 12, 2012. Ms. Jenkins was also a member of the Believers Fellowship congregation and she sincerely believed that requirements from various books of the Christian Old Testament—Leviticus and

---

[2] Whether the word "approved" is intended to limit both medical reasons and sincerely held religious beliefs is ambiguous.

Deuteronomy are identified in the complaint—prohibit her from receiving an influenza vaccine. Ms. Jenkins submitted a religious exemption request to Mercy in September of 2018. On September 24, Mercy denied Ms. Jenkins's request without comment. On September 27, Ms. Jenkins submitted her internal appeal, and Mercy denied that appeal on November 15, again without comment. Ms. Jenkins did not receive an influenza vaccination, and her employment was terminated on that basis. During her termination meeting, her supervisor told her "The official religion that follows the Old Testament gets the flu shot, and the official religion that follows the New Testament also gets the flu shot."

The only reasonable inference that may be drawn from these facts is that Mercy discriminated against Ms. Jenkins on the basis of her religion when it refused to grant her a religious exemption under its influenza vaccination policy and then terminated her for not being vaccinated. Were Mercy a typical employer, the allegations in the complaint would set out a straightforward case of religious discrimination in violation of Title VII. That act makes it unlawful for employers "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Mercy is not a typical employer, however. The parties agree that Mercy is the sort of entity described in the religious organization exemption from Title VII, which states that prohibitions in Title VII against employment discrimination "shall not apply . . . to a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities." 42 U.S.C. § 2000e-1(a). As a

result, they have presented the Court on this motion and in this litigation with a narrowly-defined controlling legal question regarding the scope of Title VII—can a religious corporation otherwise covered by the religious organization exemption in 42 U.S.C. § 2000e-1(a) waive coverage of that exemption and be subjected to liability for religious discrimination in employment?

Ms. Jenkins argues that because Mercy has propounded its own equal employment policy that it claims "meets or exceeds" the requirements of Title VII, and because that policy commits Mercy to nondiscrimination on religious grounds, Mercy has waived application of the religious organization exemption. Although Title VII's religious organization exemption may be procedurally forfeited—for example if a party fails to raise it during legal proceedings, *see Garcia v. Salvation Army*, 918 F.3d 997, 1008–09 (9th Cir. 2019)—if an entity continues to be a religious corporation, the religious organization exemption is not something that can be waived. *See Hall v. Baptist Memorial Health Care Corp.*, 215 F.3d 618, 625 (6th Cir. 2000); *Little v. Wuerl*, 929 F.2d 944, 951 (3d Cir. 1991). Rather, the religious organization exemption is a limitation on Title VII's reach. By prohibiting employment discrimination for enumerated reasons, Title VII alters the general rule in the United States that employment is at will, and in altering that rule Congress elected not to limit religious organizations from making employment decisions based on religion. As a religious corporation, Mercy remains free to discriminate against its employees on the basis of religion, whether or not Mercy has adopted an internal policy claiming it will not do so. That it has discriminated against Ms. Jenkins on the basis of religion in this case does not subject Mercy to Title VII liability. Mercy is entitled to judgment on the pleadings on this claim.

Because Ms. Jenkins's remaining claims arise under state law and the Court exercises supplemental jurisdiction, rather than original jurisdiction, over those claims, they will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Keating v. Neb. Pub. Power Dist.*, 660

F.3d 1014, 1018–19 (8th Cir. 2011).

IT IS THEREFORE ORDERED that Defendant Mercy Hospital Rogers's motion for judgment on the pleadings (Doc. 16) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED and judgment will be entered in Defendant's favor on Plaintiff Ann Jenkins's Title VII religious discrimination claims, which will be DISMISSED WITH PREJUDICE.  Because the Court lacks original subject matter jurisdiction over the remaining state law claims, the motion is DENIED with respect to those claims, which will be DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 17th day of March, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE